# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3265 | **DATE** | 5/17/2011 |
| **CASE TITLE** | Antonio Martin (#R-10183) vs. Sergeant Lucas | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [#3]. The Court authorizes and orders Inmate Account Office at Shawnee Correctional Center to deduct $12.89 from plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Inmate Account Office at Shawnee Correctional Center to facilitate compliance. The Clerk is directed to issue summons for defendant Lucas, and the United States Marshals Service is appointed to serve him. The Clerk shall send plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied without prejudice.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, a prisoner at Shawnee Correctional Center, has filed suit pursuant to 42 U.S.C. § 1983, alleging that defendant Cook County Correctional Sergeant Lucas subjected him to excessive force on August 23, 2010, while plaintiff was a pre-trial detainee in custody at the Cook County Jail. The Court has reviewed the complaint as required under 28 U.S.C. § 1915A, and concludes that plaintiff has stated a claim against defendant for use of excessive force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). .

The Court grants plaintiff's motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $12.89. The supervisor of inmate trust accounts at Shawnee Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Shawnee Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred from the jail to another correctional facility.

The United States Marshals Service is appointed to serve defendant with summons and the complaint. The Marshal will send plaintiff any service forms necessary for him to complete. process. The U.S. Marshal is directed to make all reasonable efforts to serve defendant. If defendant can no longer be found at the work address provided by plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal. Address information shall neither be maintained in the Court file nor disclosed by the Marshal. The

| STATEMENT |
|---|

Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any Court filing to defendant (or to defense counsel, once an attorney has entered an appearance on behalf of defendant). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

The Court denies plaintiff's motion for appointment of counsel, without prejudice to later renewal. Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support plaintiff's claim is so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after defendant responds to the complaint.